DA 11-0245

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 301N

TOBY C. MCADAM,

      Petitioner and Appellant,

  v.

STATE OF MONTANA, DEPARTMENT OF
PUBLIC HEALTH AND HUMAN SERVICES,
CHILD SUPPORT ENFORCEMENT DIVISION,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 2011-26
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Toby C. McAdam (Self-Represented), Livingston, Montana

      For Appellee:

          David R. Barnhill, Special Assistant Attorney General, Department of
Public Health and Human Services, Child Support Enforcement Division,
Helena, Montana

Submitted on Briefs:  October 26, 2011

Decided:  November 29, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Toby McAdam (McAdam) appeals the Sixth Judicial District Court's order dismissing his petition for judicial review for lack of subject matter jurisdiction. We affirm, although on somewhat different grounds.

¶3 On April 17, 2010, the Child Support Enforcement Division (CSED) notified McAdam of its intent to suspend his driver's license for failure to pay child support. On July 12, 2010, CSED offered McAdam an opportunity to enter into a "financial hardship payment plan," which would stay the suspension proceedings and allow McAdam to make lower monthly payments toward his child support obligations. McAdam refused to sign the modified payment plan and his license was suspended on August 9, 2010.

¶4 On February 14, 2011, McAdam petitioned for judicial review of the suspension, claiming it was instituted in retaliation for McAdam's notice of his intent to file a tort action against CSED. McAdam also stated he would not sign the payment plan because he was concerned it would be construed as an admission of the underlying child support obligation.

¶5 CSED moved to dismiss the petition, contending McAdam had failed to exhaust his administrative remedies and judicial review therefore was improper pursuant to § 2-4-702(1)(a), MCA. McAdam responded by reiterating his previous complaints and attaching numerous exhibits to his brief. One of those exhibits was a notice from the Administrative Law Judge denying McAdam's request for a hearing on the matter as untimely. Section 40-5-703(1), MCA,

2

requires requests for hearings to be made within 60 days from the date a person is served with notice of the suspension proceedings. McAdam received the notice on April 17, 2010, but did not request a hearing until July 14, 2010. The District Court granted CSED's Motion to Dismiss, stating it lacked subject matter jurisdiction because McAdam had not exhausted his administrative remedies.

¶6      We first note McAdam's concession that he already requested and received a hearing concerning his child support obligations in 2007. McAdam admits he entered a payment plan at the conclusion of the 2007 hearing, but now appears to contest it on the ground that he "recently became concerned over legal and constitutional issues regarding the child support order." We need not address McAdam's contentions concerning the substantive nature of his child support obligations as those arguments should have been raised when the amount was calculated, not after McAdam agreed to pay it.

¶7      The 2010 suspension was in response to McAdam's failure to make the payments to which he had agreed in 2007. McAdam argues he did exhaust his administrative remedies and he was denied due process when his license was suspended. While we agree the District Court incorrectly determined it lacked subject matter jurisdiction (*BNSF Ry. Co. v. Cringle,* 2010 MT 290, ¶ 13, 359 Mont. 20, 247 P.3d 706), we nonetheless affirm.

¶8      "To satisfy due process requirements in the context of a driver's license suspension, states must afford notice and an opportunity for a hearing." *State v. Pyette*, 2007 MT 119, ¶ 13, 337 Mont. 265, 159 P.3d 232. It is clear from the record and McAdam does not contest that he had notice of the suspension proceedings. When McAdam failed to request a hearing within 60 days of the CSED's notice, that failure rendered his objections without merit and CSED appropriately entered its final order. Section 40-5-703(4), MCA. McAdam then had the

3

opportunity to petition for judicial review, but failed to do so in a timely manner. Sections 40-5-703(6), 2-4-702(2), MCA.

¶9 Finally, to the extent McAdam challenges CSED's determination of a hardship adjustment, he was not entitled to a hearing. Admin. R. M. 37.62.1113 provides that "hardship adjustments" are within the discretion of the CSED and that "[s]uch exercise of discretion does not constitute a 'contested case' under the terms of the Montana Administrative Procedure Act, nor does it represent a 'mistake of fact' upon which a hearing may be granted." McAdam was not entitled to another administrative hearing solely because he failed to make payments under a plan to which he previously agreed. When the CSED offered McAdam a new financial hardship payment plan after his nonpayment, it was a discretionary act that did not vest McAdam with new rights to a hearing. He was given notice of CSED's intent to suspend his license if he did not agree to a payment plan and, had he desired a hearing on the suspension, he failed to request one within the applicable time limits.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the record before us that the District Court did not err in its disposition of this matter. We therefore affirm.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON